**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM NOSTHEIDE** | ) | **Case No. 1:24-cv-00344-MWM** |
| | : | |
| **Plaintiff,** | ) | **Judge Matthew W. McFarland** |
| | : | |
| **v.** | ) | |
| | : | |
| **CLARIGENT CORPORATION, et al,** | ) | |
| | : | |
| **Defendants.** | ) | |

## DEFENDANT WILLIAM HAYNES' MOTION TO DISMISS PLAINTIFF WILLIAM NOSTHEIDE'S COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)

NOW COMES Defendant William Haynes ("Haynes") and moves this Court to dismiss Plaintiff William Nostheide's ("Plaintiff" or "Nostheide") causes of action set forth in the Complaint (Doc. 1) against Haynes for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff has not sufficiently plead legally valid claims against Haynes. Courts have regularly dismissed insufficiently supported claims such as these as a matter of law at the pleadings stage, and this Court should do the same.

A memorandum in support follows, and a proposed order is attached for the Court's convenience.

Respectfully submitted,

*/s/ Theresa L. Nelson*
Theresa L. Nelson (OH: 0072521)
Bricker Graydon LLP
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202
Phone:(513) 629-2720
Email: TNelson@brickergraydon.com
*Attorney for Defendant William Haynes*

1

19460582v1

## MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(B)(6)
## <u>MOTION TO DISMISS</u>

Plaintiff brings four claims for relief against Haynes, all rooted in allegations of retaliation. Plaintiff's claims against Haynes are an after-thought; evident by the lack of factual allegations to support any claim against him. Specifically, Counts Twenty-Two and Twenty-Four of the Complaint allege retaliation in violation of 29 U.S.C. § 215(a)(3) and Counts Twenty-Three and Twenty-Five allege retaliation based on Ohio Revised Code § 4111.13 and the Ohio Constitution. Both his federal and state claims are pled as retaliation claims for his termination (counts Twenty-Two and Twenty-Four) and post-termination denial of stock options (counts Twenty-Three and Twenty-Five). Plaintiff's claims against Haynes are easily dispatched by this Court as no claim survives the initial threshold question to state a viable claim for relief. Haynes was not Nostheide's employer and Nostheide failed to plead facts sufficient to establish any viable *prima facie* claim of retaliation against Haynes. Therefore, the claims must be dismissed.

## I.     FACTUAL STATEMENTS[1]

The factual allegations against Haynes are scant. The overwhelming majority of his Complaint is spent outlining allegations against Clarigent Corporation ("Clarigent") or Donald Wright Jr. ("Wright Jr."). Clarigent was Nostheide's employer. (Doc. 1, PageID 3, ¶ 11.) On or about February 17, 2019, Nostheide was hired by Clarigent as its Director of Quality Assurance. (Doc. 1, PageID 4, ¶ 19.) The terms of his employment were confirmed in an offer letter presented and signed by Wright Jr. (Doc. 1-2, PageID 34-38.) Wright Jr. exercised control over Clarigent,

---

[1] Solely for the purposes of the herein motion to dismiss, as required by Fed. R. Civ. P. 12(b)(6), the factual allegations in the Complaint are assumed to be true. Haynes specifically reserves the right to challenge the allegations of the Complaint if and when it becomes more appropriate to do so.

and Nostheide's employment, such as, he made the decision not to pay Nostheide wages; and perpetrated the wage theft schemes alleged in the Complaint. (Id., ¶ 12.)

Around May 2022, Wright Jr. approached Plaintiff regarding Clarigent's financial hardships, and based on representation by Wright Jr., he allegedly lent money to Clarigent and Wright Jr. while foregoing compensation. (Doc. 1, PageID 4-8.) Plaintiff received some payments in 2023, after he "complained to Wright Jr.," only. (Doc. 1 PageID 7, ¶ 77.)

Plaintiff does not allege Haynes was his employer, held a similar role to Wright Jr. nor that he did anything regarding his pay or these loans. Every allegation regarding any alleged failure to pay wages, promise to pay wages or request for a loan from Plaintiff are solely and exclusively lodged at Wright Jr. and Clarigent. The full extent of any allegation against Haynes indicate he has been thrown into this litigation as an after-thought without facts sufficient to sustain any claim.

Specifically, around late December, 2023, Plaintiff alleges he complained to Wright Jr. and Haynes about his own mounting financial difficulties as a result of loaning nearly a quarter million dollars to Clarigent and working a year without wages. (Doc. 1, PageID 8, ¶ 85.) And, he complained to Wright Jr. and Haynes that he believed it was illegal to not pay an employee any wages and that "this has gone on long enough." (Doc. 1, PageID 8, ¶ 86.)

After receiving assurances from Wright, Jr., that he apparently did not believe, he told Wright Jr. and Haynes he would be seeking the advice of an attorney if Wright Jr. and Clarigent did not start paying him his wages and paying down what they owed him from the loans he made beginning in January, 2024. (Doc. 1, PageID 8, ¶ 88.)

On January 16, 2024, Plaintiff alleges Wright Jr. and Haynes terminated him; however, solely "based on information and belief," he believes Haynes may have participated in the decision

to terminate him. (Doc. 1, PageID 8, ¶ 89, 92.) Ultimately, Plaintiff received termination letter written and signed by Wright Jr., not Haynes. (Doc. 1-3, PageID 39-40.)

This is the sum and total of the factual allegations against Haynes contained within the thirty-one page Complaint, many of which are conclusory rather than factual statements. Plaintiff then resorts to conclusory statements where all parties are lumped together as a collective "Defendants" without any factual support for any allegation against Haynes, individually. Plaintiff's conclusory statements and argument is insufficient to state a claim especially in light of the obvious attempt to boot-strap allegations against Wright Jr. or Clarigent against Haynes.

## II.    ARGUMENT

### 1.    Fed. R. Civ. P. 12(b)(6) Pleading Standard

The purpose of a motion to dismiss is to enable defendants to challenge the legal sufficiency of a complaint. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2009). To survive a motion to dismiss, a complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555. While a court must generally accept "well-pleaded" facts as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S.

4

265, 286 (1986) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," for instance, "do not suffice." *Iqbal*, 556 U.S. at 678. A court should exclude such conclusory statements from its analysis when determining whether a plaintiff has advanced sufficient facts to support a facially plausible claim for relief. *Id.* In determining whether a complaint sets forth a plausible claim, a court may consider both the allegations and "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratee Management Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005).

2.    **Plaintiff's Claims Against Haynes Fail to State a Claim upon which Relief May be Granted.**

A.    Applicable Law for Retaliation Claims.

It is unlawful under the Fair Labor Standards Act (the "FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") to discriminate, through a discharge or other materially adverse action, against an employee because the employee filed a complaint or instituted a proceeding under the FLSA. 29 U.S.C. § 215(a)(3); Ohio Rev. Code § 4111.13(B). Both FLSA and OMFWSA retaliation claims are evaluated the same. *See, e.g., Peterson v. Buckeye Steel Casings,* 729 N.E.2d 813, 821–22, 133 Ohio App.3d 715, 727 (Ohio App.Ct.1999) ("When analyzing retaliation claims, Ohio courts rely on federal case law."). In order to demonstrate a presumption of any right to prevail, a plaintiff must show either direct or circumstantial evidence of retaliation. *Adair v. Charter Cty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006); *Buddenberg v. Est. of Weisdack*, No. 1:18-CV-00522, 2024 WL 159001, at *45 (N.D. Ohio Jan. 16, 2024).

A claim for retaliation under both the FLSA and OMFWSA requires that: (1) the employee engaged in a protected activity under the FLSA; (2) the exercise of his rights was known by the employer; (3) thereafter, the employer took an adverse employment action against the employee;

and (4) there is a causal connection between the protected activity and the adverse employment action. *Adair*, 452 F.3d at 489 (citation omitted); *see also Murray v. Mary Glynn Homes, Inc.*, No. 1:11 CV 00532, 2013 WL 4054595, at *16 (N.D. Ohio Aug. 12, 2013). "If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to set forth a legitimate, non-discriminatory reason for the adverse employment action." *Id.* If the defendant does so, the plaintiff must prove by a preponderance of the evidence that the defendant's proffered reasons were merely pretext for illegal discrimination. *Id.*

      B. <u>Haynes is not Plaintiff's Employer.</u>

      Haynes is not Plaintiff's employer; therefore, any retaliation claim fails as a matter of law. A claim for retaliation under the FLSA or OMFWSA applies to parties who qualify, as a matter of law, as the employee's ***employer***. Plaintiff has not alleged Haynes was his "employer" sufficient to support any *prima facie* claim for relief. Absent employer-status, the claims against Haynes fail to state a claim for relief.

      The express statutory language in Ohio Revised Code § 4111.13(B) prohibits action by an <u>*employer*</u>, only. Ohio Revised Code § 4111.13(B) provides that:

> No employer shall discharge or in any other manner discriminate against any employee because the employee has made any complaint to the employee's employer, or to the director, that the employee has not been paid wages in accordance with sections 4111.01 to 4111.17 of the Revised Code, or because the employee has made any complaint or is about to cause to be instituted any proceeding under or related to those sections, or because the employee has testified or is about to testify in any proceeding.

      The FLSA expands, but does not displace, the ordinary meaning of "employer." *Diaz v. Longcore*, 751 F. App'x 755, 758 (6th Cir. 2018)(Court of Appeals affirmed dismissal of retaliation claim against a "person" who was not the plaintiffs' "employer" under the FLSA). A person can

6

be an employer, but that individual must meet the statutory definition of employer. 29 U.S.C. §
203(a); 29 U.S.C. § 203(d).

Congress used the same word—"[a]ny employer"—in the same statutory section to create
liability for violations of the FLSA's wage-and-hour and anti-retaliation provisions. *Diaz*, 751 F.
App'x at 758, *citing,* 29 U.S.C. § 216(b). The ordinary rule on statutory construction is that
"Congress means the same words in the same statute to mean the same thing." *Id., citing*, *Texas
Dep't of Housing & Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, —— U.S. ——, 135 S.Ct. 2507,
2535, 192 L.Ed.2d 514 (2015). Congress knows how to create broader liability when it wishes to
do so—it created *criminal* liability for "[a]ny person who willfully violates" the anti-retaliation
provision. *Id., citing*, 29 U.S.C. § 216(a). Congress could similarly have created a private right of
action against "any person" for violations of the anti-retaliation provision, but it did not. *Id.*
Congress instead created a private right of action only against "[a]ny employer," just as it did for
violations of the wage-and-hour provisions. *See* 29 U.S.C. § 216(b). A "person" cannot be held
liable for retaliation unless they are an employer since the FLSA uses the same terms throughout
the statute which must be read to have the same meaning. *Diaz*, 751 F. App'x at 759. Under the
FLSA, a person is either an employer or they are not. 29 U.S.C. § 203(d) ("Employer" includes
any person acting directly or indirectly in the interest of an employer *in relation* to an
employee…)(Emphasis added.) Haynes is not Plaintiff's "employer."

The Complaint makes one singular conclusory statement that all three defendants are
Plaintiff's employer, Doc. 1, PageID 3, ¶ 14, with zero factual support to substantiate this
conclusion as to Haynes. Conversely, Plaintiff specifically alleges Wright Jr. was his "employer",
was someone who "exercised control over [Clarigent] and Nostheide's employment" and who
made decisions regarding his employment. (Doc. 1, PageID 3, ¶ 12.)

Plaintiff also specifically pleads facts to substantiate Clarigent's status as his employer and refers to Clarigent as his employer throughout his Complaint. (Doc. 1, PageID 3, ¶ 11; Doc. 1, PageID 4, ¶¶ 22-23; Doc. 1, PageID 9, ¶¶ 104-105.) Nostheide was hired by Clarigent as its Director of Quality Assurance. (Doc. 1, PageID 3, ¶ 11.) The terms of his employment were confirmed in an offer letter presented and signed by Wright Jr. (Doc. 1-2, PageID 34-38.) Plaintiff's claims for any violation of the FLSA or OMFWSA are against Clarigent and Wright Jr., his employers, but not Haynes. (Doc. 1, Count I-II, PageID 9-12.)

A job title does not confer employer status. The Sixth Circuit has recognized that someone who is the "chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of the FLSA.'" *United States Dep't. of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995); *see, also*, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983)). This Court has held that when no money comes out of a person's pockets; they do not have the authority to hire or fire; and do not establish the rate and method of pay, that person is not an employer. *Miller v. Food Concepts Int'l, LP,* No. 2:13-CV-00124, 2017 WL 1163850, at *27–28 (S.D. Ohio Mar. 29, 2017).

Here, Haynes did not hire Plaintiff or set his rate of pay, he did not send him an offer letter nor he did fail to pay his wages or borrow money from him. Haynes did not direct his terms of employment. The termination letter Plaintiff received was on Clarigent letterhead, written and signed by Wright Jr., not Haynes. (Doc. 1-3, PageID 39-40.) Any allegation "Defendants" provided him with a written termination notice (Doc. 1, PageID 8, ¶ 94) is dispelled by letter itself,

8

Doc. 1-3, and confirms Haynes was not involved. The sole allegation against Haynes regarding his involvement in Plaintiff's termination is based upon "information and belief," not actual facts.

Because Haynes was not Plaintiff's employer, any claim of retaliation under either federal or state law fails as a matter of law.

C.  Claims for Retaliation under Ohio Law Must be Dismissed against Haynes.

Plaintiff asserts claims under Ohio Revised Code § 4111.13(B) and the Ohio Constitution. The Ohio Constitution does not contain any provision to support for which a separate cause of action for retaliation can be legally based. The Ohio Constitution simply contains provisions regarding an employer's duty to pay minimum wages and the ability to bring an action against an employer. *Article II, section 34a* of the Ohio Constitution. *Ohio Const., art. II, § 34a.* Section 4111.14 of the Ohio Revised Code implements § 34a, *see Ohio Rev.Code § 4111.14(A)* ("Pursuant to the general assembly's authority to establish a minimum wage under [§ 34a], *this section is in implementation of* [§ 34a]. *Murray v. Mary Glynn Homes, Inc.,* No. 1:11 CV 00532, 2013 WL 4054595, at *15 (N.D. Ohio Aug. 12, 2013).)

While it is debatable whether the Ohio Constitution provides for a separate cause of action for any claim, it clearly does not contain any grounds for a separate cause of action for retaliation against a non-employer. Any claim under the OMFWSA only applies to prohibited acts by an "employer." As set forth herein, Haynes is not Plaintiff's employer; therefore, any claim based on the OMFWSA fails as a matter of law.

D.  Plaintiff Cannot Establish a *Prima Facie* Claim for Relief.

In addition to warranting dismissal for improper claims brought against a non-employer, Plaintiff's cannot present the required elements to set forth a *prima facie* claim for relief.

9

19460582v1

**i. Plaintiff did not engage in a protected activity.**

In addition to Haynes not being Plaintiff's employer, Plaintiff's Complaint fails to establish Plaintiff engaged in any protected activity. It is unlawful for an employer to fire or take other action against an employee who, among other things: (1) files a complaint against employer; (2) institutes a proceeding against an employer under the FLSA; and (3) testifies in any proceeding brought under the FLSA. 29 U.S.C. § 215(a)(3). The Complaint is clearly devoid of any allegation of instituting a proceeding or providing testimony.

[T]o satisfy the 'complaint' requirement, the plaintiff need not file a formal complaint with the Equal Employment Opportunity Commission; the lodging of a complaint with the employer is sufficient." *McDaniel v. Transcender, LLC,* 119 Fed.Appx. 774, 779 (6th Cir.2005) (citing *EEOC v. Romeo Community Schools,* 976 F.2d 985, 989 (6th Cir.1992)). In *Kasten v. Saint–Gobain Performance Plastics Corp.,* ––––U.S. ––––, 131 S.Ct. 1325, 1334–35, 179 L.Ed.2d 379 (2011), the Supreme Court clarified that a complaint under the Act can be oral and is considered sufficient to put an employer on notice of the employee's assertion of rights under the statute when it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Id.*

A further requirement, however, necessary to establish that Plaintiff engaged in protected activity is that Plaintiff had a subjective belief that Con (whatever) was violating FLSA and that such a belief was objectively reasonable. "Even if an employer has the requisite notice, a complaint will only trigger FLSA protection if the employee lodges his complaint i) in good faith and ii) with an objectively reasonable belief that the employer's conduct is unlawful." *Barquin v. Monty's Sunset, L.L.C.,* 975 F.Supp.2d 1309, 1314 (S.D.Fla.2013) (finding that it was not objectively reasonable for employees who did not work overtime to complain of payment for overtime work)

10

(citing *Little v. United Techs. Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir.1997) (decided under Title VII anti-retaliation provision); *Perez v. Brands Mart Service Corp.,* No. 10–61203, 2011 WL 3236022, at *10–11 (S.D.Fla. July 28, 2011) (decided under FLSA anti-retaliation provision)). *See also Burnette v. Northside Hosp.,* 342 F.Supp.2d 1128, 1133 (N.D.Ga.2004) ("As under Title VII and other employment discrimination statutes, the complaining employee must have an objectively reasonable, good-faith belief that the employer's conduct [violates FLSA]"); *Panwar v. Access Therapies, Inc.,* 975 F.Supp.2d 948, 960 (S.D.Ind.2013) (finding that the failure to pay minimum wage for non-productive time did not constitute a FLSA violation and holding that complaining about "payment for non-productive time" is not protected activity).

"[I]t is presumed that the employee has substantive knowledge of the law when applying the objective test. If plaintiffs are free to disclaim knowledge of the substantive law, the reasonableness inquiry becomes no more than speculation regarding their subjective knowledge.". *Perez,* 2011 WL 3236022, at *10 (internal quotation marks and citations omitted) (alteration in original). "If the employee's belief is not both objectively reasonable and in good faith, his complaint does not constitute protected activity." *Burnette,* 342 F.Supp.2d at 1134.

At some unknown time, Nostheide complained to Wright Jr. about "not getting paid." (Doc. 1, PageID 7, ¶ 77.) This is insufficient to be a protected activity. Further, when reviewing his allegations of the discussion in late December 2023, Plaintiff contradicts himself. He alleges he complained to Wright Jr. and Haynes about his "mounting financial difficulties" due to loaning Clarigent a quarter of million dollars. (Doc. 1 PageID 8, ¶ 85.) Then, he switches gears, alleging he complained that he "believed it was illegal to pay an employee any wages" to which Wright Jr., only, apologized and tried to convince him things are going to turn around. (Doc. 1 PageID 8, ¶

11

86-87.) These allegations do not constitute a protected activity as they are inconsistent and contrary and not grounded in any violation of the FLSA.

### ii. Haynes did not have knowledge of any protected activity

In addition to Haynes not being Plaintiff's employer, Plaintiff's Complaint fails to establish Haynes' knowledge of Plaintiff's protected activity even if this Court determines he engaged in such action. Plaintiff's factual allegations of Haynes' knowledge of any alleged protected activity are non-existent.

At some unknown time, Nostheide complained to Wright Jr. about "not getting paid." (Doc. 1, PageID 7, ¶ 77.) The Complaint is devoid of any allegation Haynes knew of this conversation. As stated above, the allegations of the discussion in late December 2023 are contradictory. Plaintiff alleges he complained to Wright Jr. and Haynes about his "mounting financial difficulties" due to loaning Clarigent a quarter of million dollars. (Doc. 1 PageID 8, ¶ 85.) Then, switches gears, alleging he complained that he "believed it was illegal to pay an employee any wages;" however, only Wright Jr. apologized and tried to convince him things are going to turn around. (Doc. 1 PageID 8, ¶ 86-87.) Haynes is not alleged to have been in any other conversation, or even to have made any response to the alleged conversation in December 2023. This does not establish Haynes' actual knowledge of Plaintiff engaging in a protected activity governed by the FLSA.

Knowledge by the decision-maker must be alleged by "specific facts" and not merely "conspiratorial theories," "flights of fancy, speculations, hunches, intuitions, or rumors." *Evans v. Pro. Transp., Inc.*, 614 F. App'x 297, 300–01 (6th Cir. 2015), citing, *Mulhall v. Ashcroft,* 287 F.3d 543, 552 (6th Cir.2002) (quoting *Visser v. Packer Eng'g Assocs., Inc.,* 924 F.2d 655, 659 (7th Cir.1991)). Plaintiff has not plead that Haynes was either the decision-maker nor that he had actual knowledge of any protected activity; therefore, Plaintiff has failed to properly plead the *prima*

*facie* elements of a claim of retaliation against Haynes. *See Frazier v. USF Holland, Inc.,* 250 Fed.Appx. 142, 148 (6th Cir.2007) ("The decisionmaker's knowledge of the protected activity is an essential element of the *prima facie* case of unlawful retaliation.") (citing *Mulhall,* 287 F.3d at 551).

### iii. Haynes did not take any adverse action against Plaintiff

Plaintiff speculates, "based on information and belief," that Haynes was involved in the decision to terminate him, but he provides no factual support for his conclusory statement. Despite the attempts to lump all three (3) defendants together, there is no factual allegation Haynes was involved in the decision to terminate Plaintiff or that he terminated Plaintiff's employment. The only factual allegation regarding his termination with any factual support were acts by Clarigent and Wright Jr., not Haynes. Specifically, the termination letter Plaintiff received was on Clarigent letterhead, written and signed by Wright Jr., not Haynes. (Doc. 1-3, PageID 39-40.) Any allegation "Defendants" provided him with a written termination notice (Doc. 1, PageID 8, ¶ 94) is false. The actual document attached to the Complaint confirms Haynes did not sign it or present it to Plaintiff. (Doc. 1-3.) Plaintiff's subjective beliefs, without affirmative factual allegations to support such beliefs, are insufficient to establish a claim of retaliation. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 584–85 (6th Cir.1992). Because the Complaint fails to establish that Haynes was Plaintiff's employer, and fails to establish Haynes made any decision regarding any adverse action, Plaintiff has failed to state a claim for retaliation against Haynes.

### iv. Plaintiff failed to allege any causal connection

In order to demonstrate a causal connection, "a plaintiff must produce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action." *Adair*, 452 F.3d at 490–91, citing, *Allen v. Michigan*

13

*Dept. of Corrections,* 165 F.3d 405, 413 (6th Cir. 1999). "Although no one factor is dispositive in establishing a causal connection, evidence that the defendant treated the plaintiff differently from identically situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation." *Id.* However, the allegation that the actions complained of followed the protected activity closely in time, standing alone, is insufficient to establish the causation element of a retaliation claim. *Nguyen v. City of Cleveland,* 229 F.3d 559, 566 (6th Cir.2000) (summary judgment for employer on retaliation claim affirmed where plaintiff's only evidence of causation was timing).

Plaintiff has not established any causal connection that could, in any way, entitle him to seek relief against Haynes for retaliation. Plaintiff is not permitted to make broad generalized allegations against other defendants then lump Haynes into the mix as a general "defendant" without factual support. Nostheide's Complaint solely presents conclusory statements, and no factual allegation against Haynes, to support a causal connection sufficient to overcome a motion to dismiss. (Doc. 1, PageID 8, ¶ 93.)

### E. Post-Employment Retaliation Due to Deprivation of Shares Fails to State a Claim against Haynes.

Post-employment retaliation claims can possibly exist depending on particular facts. But, this Court need not engage in any evaluation of the possibility of such a claim because any post-employment retaliation claim is not alleged against Haynes.

Courts have held that retaliation claims can be based on material adverse actions taken by an employer, post-employment. *Cruz v. Don Pancho Mkt., LLC,* 167 F. Supp. 3d 902, 911 (W.D. Mich. 2016); citing, *Darveau v. Detecon, Inc.,* 515 F.3d 334, 343 (4th Cir.2008). The courts' recognition of a post-employment retaliation claim rests on the allegations that the plaintiff's

14

employer engaged in an act that would be materially adverse to a reasonable employee and would dissuade a reasonable employee from making or supporting an FLSA claim. *Id.*

Fatal to Plaintiff's post-employment retaliation claims against Haynes is that 1) Haynes was not Plaintiff's employer, and 2) the Complaint is completely devoid of any allegation of any act taken by Haynes after Plaintiff's employment ended.

Plaintiff's post-employment retaliation claims, Count Twenty-Four for violating 29 U.S.C. 215(A)(3) and Twenty-Five based on Ohio Revised Code § 4111.13 and the Ohio Constitution, are based solely upon the allegation that after his employment ended Plaintiff was deprived of his shares in the Company. (Doc. 1, PageID 28-29, ¶¶ 289, 294.) Any alleged deprivation of such shares was not done by Haynes, but by other defendants.

The Complaint alleges Clarigent stripped Plaintiff of his shares post-employment, not Haynes. Specifically, Plaintiff alleges he was offered shares by Clarigent as part of his offer of employment. (Doc. 1-2.) Then, on or about April 8, 2024, Clarigent demanded Nostheide pay $10,000 to retain company shares that were already fully vested. (Doc. 1, PageID 9, ¶ 99.) Plaintiff alleges that "[g]iven how much money Nostheide has already given Clarigent, Nostheide refused to pay another $10,000.00" and "as a final act of retaliation, Clarigent stripped Nostheide of all shares he owned in the company." (Doc. 1, PageID 9, ¶ 100-101.) Haynes is not alleged to have committed any act of any nature at any time regarding Plaintiff's shares. Since Plaintiff's entire post-employment retaliation claims are solely based upon the alleged deprivation of his interest in these shares, he has not stated any claim for relief against Haynes.

Even construing these allegations as true, Haynes is not mentioned at all. The Complaint does not contain one allegation of any act, much less a materially adverse action, of any nature

15

against Plaintiff post-employment by Haynes. Any post-employment retaliation claim against Haynes fails due to the complete lack of any action whatsoever by Haynes against Plaintiff.

Absent some materially adverse act of retaliation by an employer, it is axiomatic a claim of retaliation fails as a matter of law whether under federal or state law. Therefore, Plaintiff's Count Twenty-Four and Twenty-Five for post-employment retaliation due to the denial of his right to shares in the company both fail to state a claim for relief against Haynes and must be dismissed.

### III. CONCLUSION

Plaintiff's Complaint against Haynes should be dismissed in its entirety for failure to state a claim upon which relief can be granted. Plaintiff threw Haynes into his Complaint as an after-thought, and is hoping the Court will give him a pass. The heightened pleading standard for claims in federal court prohibits such actions. All four claims against Haynes are based on the same thread-bare allegations that contradict the remainder of the Complaint, and should be dismissed. Haynes respectfully requests this Court dismiss Counts Twenty-Two through Twenty-Five as to Haynes, only.

Respectfully submitted,

*/s/ Theresa L. Nelson*
Theresa L. Nelson (OH: 0072521)
Bricker Graydon LLP
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2720
Email: TNelson@brickergraydon.com

### CERTIFICATE OF SERVICE

The undersigned certifies a copy of the forgoing was filed electronically through the Court's CM-ECF filing system on August 7, 2024. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

16

19460582v1

*/s/ Theresa L. Nelson*
Theresa L. Nelson

17