**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM NOSTHEIDE, | : | |
| | : | CASE NO. 1:24-cv-00344 |
| Plaintiff, | : | |
| | : | |
| vs. | : | JUDGE MATTHEW W. MCFARLAND |
| | : | |
| CLARIGENT CORPORATION, *et al.*, | : | |
| | : | **DEFENDANT DONALD WRIGHT'S** |
| Defendants. | : | **ANSWER TO PLAINTIFF'S FIRST** |
| | : | **AMENDED COMPLAINT AND** |
| | : | **AFFIRMATIVE DEFENSES** |
| | : | |

Defendant, Donald Wright Jr. ("Wright" or "Defendant"), by and through the undersigned counsel, submits this Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiff William Nostheide ("Plaintiff"). Defendant denies any statement or implication in the headings of the Complaint. Defendant hereby responds as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore they are denied.

2.      As to Paragraph 2 of the Complaint, Defendant admits that Clarigent Corporation ("Clarigent") is a Delaware corporation that maintains its principal place of business in Warren County, Ohio. Answering further, Clarigent is not a limited liability company as alleged in the Complaint. Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      As to Paragraph 5 of the Complaint, Defendant admits that Clarigent hires Ohio residents, contracts with Ohio companies, and rents or owns property within Ohio. Answering further, Defendant states that the remaining allegations contained in Paragraph 5 of the Complaint

assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that jurisdiction is proper before this Court but denies that Plaintiff's claims have merit.

6.      As to Paragraph 6 of the Complaint, Defendant admits that he is an Ohio resident and that he owns or rents property in Ohio and denies that he is an employer or has any employees. Answering further, Defendant states that remaining allegations contained in Paragraph 6 of the Complaint assert legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that jurisdiction is proper before this Court but denies that Plaintiff's claims have merit and denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant states that Paragraph 7 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that jurisdiction is proper before this Court but denies that Plaintiff's claims have merit and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant states that Paragraph 8 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits this Court has subject matter jurisdiction over this matter. Defendant denies that Plaintiff's claims have merit and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant states that Paragraph 9 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits this Court has supplemental jurisdiction over Plaintiff's state law claims. Defendant denies that Plaintiff's claims have merit and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant states that Paragraph 10 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that venue is proper in this District. Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant states that Paragraph 11 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies those allegations.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant states that Paragraph 13 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies those allegations.

14.     Defendant states that Paragraph 14 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies those allegations.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     As to Paragraph 17 of the Complaint, Defendant admits that Haynes is a Vice President of Defendant and denies the remaining allegations contained in this paragraph.

18.     As to Paragraph 18 of the Complaint, Defendant admits that Haynes and Wright each hold certain ownership interests in Clarigent and denies the remaining allegations contained in this paragraph.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22.     As to Paragraph 22 of the Complaint, Defendant admits Nostheide was offered a base salary of $105,000 and employee benefits when he was hired. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     As to Paragraph 23 of the Complaint, Defendant states that the Offer of Employment letter dated February 17, 2019 (attached as Exhibit A to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

24.     As to Paragraph 24 of the Complaint, Defendant states that the Offer of Employment letter dated February 17, 2019 (attached as Exhibit A to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

25.     As to Paragraph 25 of the Complaint, Defendant admits Nostheide was employed with Clarigent and that he was paid for such employment. Answering further, Defendant states that Nostheide's employment began in February 2019, he was furloughed during the COVID-19 pandemic from June 30, 2020 until October 2020 when he returned to work and remained employed with the Company until his termination. Defendant denies all remaining allegations contained in Paragraph 25 of the Complaint.

26.     As to Paragraph 26 of the Complaint, Defendant admits that at the time of the termination of Plaintiff's employment, Haynes was Nostheide's direct supervisor. Answering further, Defendant states that prior to January 1, 2022, Plaintiff's supervisor was Marci Campbell, Clarigent's Vice President of Products. Defendant denies all remaining allegations contained in Paragraph 26 of the Complaint.

27.     As to Paragraph 27 of the Complaint, Defendant admits that he discussed Clarigent's finances with Plaintiff and denies the remaining allegations in this paragraph.

28.     As to Paragraph 28 of the Complaint, Defendant admits that he discussed with Plaintiff his loaning money to Clarigent and denies the remaining allegations in this paragraph.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     As to Paragraph 30 of the Complaint, Defendant admits that he told Plaintiff that Clarigent would repay the money loaned to Clarigent and denies the remaining allegations in this paragraph.

31.     Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32.     As to Paragraph 32 of the Complaint, Defendant states that to the extent it exists, check # 1021 speaks for itself and denies any allegations inconsistent therewith.

33.     Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34.     As to Paragraph 34 of the Complaint, Defendant states that to the extent it exists, check # 1025 speaks for itself and denies any allegations inconsistent therewith.

35.     Defendant admits the allegations contained in Paragraph 35 of the Complaint.

36.     As to Paragraph 36 of the Complaint, Defendant states that to the extent it exists, check # 1003 speaks for itself and denies any allegations inconsistent therewith.

37.     Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.     As to Paragraph 38 of the Complaint, Defendant states that to the extent it exists, check # 1006 speaks for itself and denies any allegations inconsistent therewith.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     As to Paragraph 40 of the Complaint, Defendant admits plaintiff provided him $500 in cash as a personal loan and denies the remaining allegations contained in this paragraph.

41.     Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44. As to Paragraph 44 of the Complaint, Defendant states that to the extent it exists, check # 1019 speaks for itself and denies any allegations inconsistent therewith.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. As to Paragraph 46 of the Complaint, Defendant admits Clarigent paid Nostheide $3,500 on or about October 6, 2023, and denies the remaining allegations contained in this paragraph.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore they are denied.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore they are denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore they are denied.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. As to Paragraph 54 of the Complaint, Defendant admits Nostheide was not paid overtime because he was an exempt, salaried employee and denies the remaining allegations contained in this paragraph.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore they are denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore they are denied.

58.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore they are denied.

59.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore they are denied.

60.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore they are denied.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore they are denied.

62.     As to Paragraph 62 of the Complaint, Defendant admits he discussed matters relating to Clarigent's finances and potential investors in January 2023. Defendant denies the remaining allegations contained in this paragraph.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     As to Paragraph 64 of the Complaint, Defendant admits he loaned money to Clarigent and that he discussed his personal loans and personal financial challenges with Plaintiff. Defendant denies the remaining allegations contained in this paragraph.

65.     As to Paragraph 65 of the Complaint, Defendant admits he discussed his personal financial challenges with Plaintiff and denies the remaining allegations contained in this paragraph.

66.     As to Paragraph 66 of the Complaint, Defendant admits he asked Plaintiff to loan him money and denies the remaining allegations contained in this paragraph.

67.     As to Paragraph 67 of the Complaint, Defendant admits he discussed with Plaintiff the repayment of his loans and expressed hope it would be soon and denies the remaining allegations contained in this paragraph.

68.     Defendant admits the allegations contained in Paragraph 68 of the Complaint.

69.     Defendant admits the allegations contained in Paragraph 69 of the Complaint.

70.     Defendant admits the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant admits the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant admits the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant admits the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant admits the allegations contained in Paragraph 74 of the Complaint.

75.     Defendant admits the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant admits the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant admits the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant admits the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant admits the allegations contained in Paragraph 81 of the Complaint.

82.     As to Paragraph 82 of the Complaint, Defendant admits that he discussed with Plaintiff the company's efforts to secure investors and expressed his hopes the company would repay Plaintiff soon. Defendant denies the remaining allegations contained in this paragraph.

83.     Defendant admits the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint, and therefore they are denied.

87.     As to Paragraph 87 of the Complaint, Defendant denies that Plaintiff complained to him about not getting paid. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 87 of the Complaint, and therefore they are denied.

88.     As to Paragraph 88 of the Complaint, Defendant admits he paid Plaintiff $2,000 by Venmo on September 17, 2023, and denies the remaining allegations in this paragraph.

89.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint, and therefore they are denied.

90.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint, and therefore they are denied.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.     As to Paragraph 93 of the Complaint, Defendant admits that Nostheide was not paid overtime because he was an exempt, salaried employee and denies all remaining allegations in this paragraph.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     As to Paragraph 97 of the Complaint, Defendant admits he discussed with Plaintiff the company's finances and efforts to secure additional funding. Defendant denies the remaining allegations contained in this paragraph.

98.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore they are denied.

99.     Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, and therefore they are denied.

102.    As to Paragraph 102, Defendant admits Nostheide's employment was terminated, and denies the remaining allegations contained in this paragraph.

103.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and therefore they are denied.

104.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint, and therefore they are denied.

105.    Defendant admits the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.    As to Paragraph 108 of the Complaint, Defendant states that the letter captioned Termination of Employment (attached as Exhibit B to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

109.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint, and therefore they are denied.

110.    As to Paragraph 110 of the Complaint, Defendant states that the letter captioned Termination of Employment (attached as Exhibit B to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

111.     As to Paragraph 111 of the Complaint, Defendant states that the letter captioned Termination of Employment (attached as Exhibit B to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

112.     Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.     Defendant denies the allegations contained in Paragraph 113 of the Complaint. Answering further, Plaintiff's employment with Clarigent was terminated effective January 1, 2024.

114.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Complaint, and therefore they are denied.

115.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint, and therefore they are denied.

116.     Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.     Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.     Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.     Defendant denies the allegations contained in Paragraph 119 of the Complaint.

### COUNT I: ALLEGED VIOLATION OF FLSA
### (AGAINST CLARIGENT AND WRIGHT JR.)

120.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 120 of the Complaint with the same force and effect as if fully set forth herein.

121.     Defendant states that Paragraph 121 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant states that the FLSA speaks for itself and denies these allegations.

122.     Defendant states that Paragraph 122 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant states that the FLSA speaks for itself and denies these allegations.

123.     Defendant denies the allegations contained in Paragraph 123.

124.     Defendant denies the allegations contained in Paragraph 124.

125.     Defendant denies the allegations contained in Paragraph 125. Answering further, Plaintiff's employment with Clarigent terminated effective January 1, 2024.

126.     Defendant denies the allegations contained in Paragraph 126.

127.     Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.     Defendant states that Paragraph 128 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations.

129.     Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.     Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.     Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.     Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.     Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.     Defendant denies the allegations contained in Paragraph 135 of the Complaint.

COUNT II: ALLEGED VIOLATION OF OMFWSA
(AGAINST CLARIGENT AND WRIGHT JR.)

136.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 136 of the Complaint with the same force and effect as if fully set forth herein.

137.     Defendant states that Paragraph 137 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant states that the OMFWSA speaks for itself and denies any allegations inconsistent therewith.

138.     Defendant states that Paragraph 138 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant states that the OMFWSA speaks for itself and denies any allegations inconsistent therewith.

139.     Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.     Defendant denies the allegations contained in Paragraph 140 of the Complaint.

141.     Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.     Defendant denies the allegations contained in Paragraph 142 of the Complaint.

143.     Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.     Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145.     Defendant states that Paragraph 145 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Defendant states that the R.C. 4113.03 speaks for itself and denies any allegations inconsistent therewith.

146.     Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.     Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.     Defendant denies the allegations contained in Paragraph 148 of the Complaint.

<u>COUNT III: ALLEGED BREACH OF CONTRACT</u>
(AGAINST CLARIGENT)

149.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 149 of the Complaint with the same force and effect as if fully set forth herein.

150.     As to Paragraph 150 of the Complaint, Defendant states that the Offer of Employment letter dated February 17, 2019 (attached as Exhibit A to the Complaint) speaks for itself and denies any allegations inconsistent therewith.

151.     Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152.     Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.     As to Paragraph 153 of the Complaint, Defendant admits he asked Plaintiff to loan money to Clarigent and denies the remaining allegations in this paragraph.

154.     Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155.     Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156.     The allegations contained in Paragraph 156 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

157.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph 157 of the Complaint, and therefore they are denied.

158.     The allegations contained in Paragraph 158 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

159.     Defendant denies the allegations contained in Paragraph 159 of the Complaint.

160.     The allegations contained in Paragraph 160 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT IV: ALLEGED BREACH OF CONTRACT
### (AGAINST WRIGHT JR.)

161.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 161 of the Complaint with the same force and effect as if fully set forth herein.

162.     As to Paragraph 162 of the Complaint, Defendant admits that Plaintiff loaned him money personally and denies the remaining allegations contained in this paragraph.

163.     Defendant denies the allegations contained in Paragraph 163 of the Complaint.

164.     Defendant denies the allegations contained in Paragraph 164 of the Complaint.

## COUNT V: ALLEGED BREACH OF IMPLIED CONTRACT
### (AGAINST CLARIGENT)

165.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 165 of the Complaint with the same force and effect as if fully set forth herein.

166.     The allegations contained in Paragraph 166 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

167.     As to Paragraph 167 of the Complaint, Defendant admits Plaintiff was employed with Clarigent from February 2019 through January 2024 and denies the remaining allegations contained in this paragraph.

168.     The allegations contained in Paragraph 168 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

169.     Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170.     The allegations contained in Paragraph 170 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant admits Clarigent paid Plaintiff $3,500 on or about October 6, 2023, and denies the remaining allegations in this paragraph.

171.     Defendant denies the allegations contained in Paragraph 171 of the Complaint.

172.     The allegations contained in Paragraph 172 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT VI: ALLEGED BREACH OF IMPLIED CONTRACT
(AGAINST WRIGHT JR.)

173.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 173 of the Complaint with the same force and effect as if fully set forth herein.

174.     Defendant denies the allegations contained in Paragraph 174 of the Complaint.

175.     As to Paragraph 175 of the Complaint, Defendant admits Plaintiff made personal loans to Defendant and denies the remaining allegations contained in this paragraph.

176.     Defendant denies the allegations contained in Paragraph 176 of the Complaint.

177.     Defendant denies the allegations contained in Paragraph 177 of the Complaint.

## COUNT VII: ALLEGED UNJUST ENRICHMENT
(AGAINST CLARIGENT)

178.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 178 of the Complaint with the same force and effect as if fully set forth herein.

179.    The allegations contained in Paragraph 179 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

180.    The allegations contained in Paragraph 180 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

181.    The allegations contained in Paragraph 181 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant admits Clarigent paid Nostheide's salary and a payment of $3,500 and denies the remaining allegations in this paragraph.

182.    The allegations contained in Paragraph 182 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT VIII: ALLEGED UNJUST ENRICHMENT
(AGAINST WRIGHT JR.)

183.    Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 183 of the Complaint with the same force and effect as if fully set forth herein.

184.    As to Paragraph 184 of the Complaint, Defendant admits that Plaintiff loaned him money personally and denies the remaining allegations contained in this paragraph.

185.    Defendant denies the allegations contained in Paragraph 185 of the Complaint.

186.    As to Paragraph 186 of the Complaint, Defendant admits he paid Plaintiff $2,000 and denies the remaining allegations contained in this paragraph.

187.    Defendant denies the allegations contained in Paragraph 187 of the Complaint.

## COUNT IX: ALLEGED PROMISSORY ESTOPPEL
### (AGAINST CLARIGENT)

188.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 188 of the Complaint with the same force and effect as if fully set forth herein.

189.     The allegations contained in Paragraph 189 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

190.     The allegations contained in Paragraph 190 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

191.     The allegations contained in Paragraph 191 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

192.     The allegations contained in Paragraph 192 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant admits Clarigent paid Nostheide a salary, other monies, and benefits but denies the remaining allegations contained in this paragraph.

193.     The allegations contained in Paragraph 193 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## COUNT X: ALLEGED PROMISSORY ESTOPPEL
### (AGAINST WRIGHT JR.)

194.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 194 of the Complaint with the same force and effect as if fully set forth herein.

195.     Defendant denies the allegations contained in Paragraph 195 of the Complaint.

196.     Defendant denies the allegations contained in Paragraph 196 of the Complaint.

197.     Defendant denies the allegations contained in Paragraph 197 of the Complaint.

198.     As to the allegations contained in Paragraph 198 of the Complaint, Defendant admits he paid Plaintiff $2,000 and denies the remaining allegations in this paragraph.

199.     Defendant denies the allegations contained in Paragraph 199 of the Complaint.

## COUNT XI: ALLEGED FRAUD
### (AGAINST WRIGHT JR.)

200.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 200 of the Complaint with the same force and effect as if fully set forth herein.

201.     As to the allegations contained in Paragraph 201 of the Complaint, Defendant admits he discussed Clarigent's finances with Plaintiff and denies the remaining allegations contained in this paragraph.

202.     Defendant denies the allegations contained in Paragraph 202 of the Complaint.

203.     Defendant denies the allegations contained in Paragraph 203 of the Complaint.

204.     Defendant denies the allegations contained in Paragraph 204 of the Complaint.

205.     Defendant denies the allegations contained in Paragraph 205 of the Complaint.

206.     Defendant denies the allegations contained in Paragraph 206 of the Complaint.

207.     Defendant denies the allegations contained in Paragraph 207 of the Complaint.

208.     The allegations contained in Paragraph 208 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant admits Clarigent paid Plaintiff $3,500 on or about October 6, 2023, and denies the remaining allegations in this paragraph.

209.     Defendant denies the allegations contained in Paragraph 209 of the Complaint.

210.     Defendant denies the allegations contained in Paragraph 210 of the Complaint.

COUNT XII: ALLEGED FRAUD
(AGAINST CLARIGENT)

211.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 211 of the Complaint with the same force and effect as if fully set forth herein.

212.     As to Paragraph 212 of the Complaint, Defendant admits he asked Plaintiff to loan him money personally and denies the remaining allegations contained in this paragraph.

213.     Defendant denies the allegations contained in Paragraph 213 of the Complaint.

214.     As to Paragraph 214 of the Complaint, Defendant admits that Plaintiff loaned him money personally and Defendant denies the remaining allegations contained in this paragraph.

215.     As to Paragraph 215 of the Complaint, Defendant admits that Plaintiff loaned him money personally and that he paid Plaintiff $2,000. Defendant denies the remaining allegations contained in this paragraph.

216.     Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217.     Defendant denies the allegations contained in Paragraph 217 of the Complaint.

218.     Defendant denies the allegations contained in Paragraph 218 of the Complaint.

219.     Defendant denies the allegations contained in Paragraph 219 of the Complaint.

## COUNT XIII: ALLEGED VIOLATION OF OHIO PROMPT PAY ACT
### (AGAINST CLARIGENT)

220.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 220 of the Complaint with the same force and effect as if fully set forth herein.

221.     Defendant states that Paragraph 221 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the OPPA speaks for itself and denies any allegations inconsistent therewith.

222.     Defendant states that Paragraph 222 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the OPPA speaks for itself and denies any allegations inconsistent therewith. Answering further, Defendant denies any and all remaining allegations in this paragraph.

223.     The allegations contained in Paragraph 223 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

224.     The allegations contained in Paragraph 224 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## COUNT XIV: ALLEGED CONVERSION
### (AGAINST CLARIGENT)

225.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 225 of the Complaint with the same force and effect as if fully set forth herein.

226.     Defendant denies the allegations contained in Paragraph 226 of the Complaint.

227. Defendant denies the allegations contained in Paragraph 227 of the Complaint.

228. Defendant denies the allegations contained in Paragraph 228 of the Complaint.

229. Defendant denies the allegations contained in Paragraph 229 of the Complaint.

230. Defendant denies the allegations contained in Paragraph 230 of the Complaint.

COUNT XV: ALLEGED CONVERSION
(AGAINST WRIGHT JR.)

231. Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 231 of the Complaint with the same force and effect as if fully set forth herein.

232. Defendant denies the allegations contained in Paragraph 232 of the Complaint.

233. Defendant denies the allegations contained in Paragraph 233 of the Complaint.

234. Defendant denies the allegations contained in Paragraph 234 of the Complaint.

235. Defendant denies the allegations contained in Paragraph 235 of the Complaint.

236. Defendant denies the allegations contained in Paragraph 236 of the Complaint.

COUNT XVI: ALLEGED FRAUDULENT INDUCEMENT
(AGAINST WRIGHT JR.)

237. Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 237 of the Complaint with the same force and effect as if fully set forth herein.

238. Defendant denies the allegations contained in Paragraph 238 of the Complaint.

239. Defendant denies the allegations contained in Paragraph 239 of the Complaint.

240. Defendant denies the allegations contained in Paragraph 240 of the Complaint.

241. Defendant denies the allegations contained in Paragraph 241 of the Complaint.

242. Defendant denies the allegations contained in Paragraph 242 of the Complaint.

243.     Defendant denies the allegations contained in Paragraph 243 of the Complaint.

244.     Defendant denies the allegations contained in Paragraph 244 of the Complaint.

245.     Defendant denies the allegations contained in Paragraph 245 of the Complaint.

<u>COUNT XVII: ALLEGED FRAUDULENT INDUCEMENT</u>
(AGAINST CLARIGENT)

246.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 246 of the Complaint with the same force and effect as if fully set forth herein.

247.     The allegations contained in Paragraph 247 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

248.     Defendant denies the allegations contained in Paragraph 248 of the Complaint.

249.     Defendant denies the allegations contained in Paragraph 249 of the Complaint.

250.     The allegations contained in Paragraph 250 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

251.     The allegations contained in Paragraph 251 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

252.     Defendant denies the allegations contained in Paragraph 252 of the Complaint.

253.     Defendant denies the allegations contained in Paragraph 253 of the Complaint.

254.     Defendant denies the allegations contained in Paragraph 254 of the Complaint.

255.     Defendant denies the allegations contained in Paragraph 255 of the Complaint.

## COUNT XVIII: ALLEGED CIVIL LIABILITY PURSUANT TO R.C. 2307.60
### (AGAINST CLARIGENT)

256.    Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 256 of the Complaint with the same force and effect as if fully set forth herein.

257.    Defendant states that Paragraph 257 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the R.C. 2307.60 speaks for itself and denies any allegations inconsistent therewith.

258.    The allegations contained in Paragraph 258 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

259.    The allegations contained in Paragraph 259 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

260.    The allegations contained in Paragraph 260 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

261.    The allegations contained in Paragraph 261 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

262.    The allegations contained in Paragraph 262 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

263. The allegations contained in Paragraph 263 of the Complaint are not directed to this answering Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph.

## COUNT XIX: ALLEGED CIVIL LIABILITY PURSUANT TO R.C. 2307.60
### (AGAINST WRIGHT JR.)

264. Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 264 of the Complaint with the same force and effect as if fully set forth herein.

265. Defendant states that Paragraph 265 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the R.C. 2307.60 speaks for itself and denies any allegations inconsistent therewith.

266. Defendant states that Paragraph 266 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the R.C. 2307.60 speaks for itself and denies any allegations inconsistent therewith.

267. Defendant denies the allegations contained in Paragraph 267 of the Complaint.

268. Defendant denies the allegations contained in Paragraph 268 of the Complaint.

269. Defendant denies the allegations contained in Paragraph 269 of the Complaint.

270. Defendant denies the allegations contained in Paragraph 270 of the Complaint.

## COUNT XX: ALLEGED CONSTRUCTIVE FRAUD
### (AGAINST WRIGHT JR. AND CLARIGENT)

271. Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 271 of the Complaint with the same force and effect as if fully set forth herein.

272.     Defendant states that Paragraph 272 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits he owes fiduciary duties to Clarigent and denies the remaining allegations in this paragraph.

273.     Defendant denies the allegations contained in Paragraph 273 of the Complaint.

274.     Defendant denies the allegations contained in Paragraph 274 of the Complaint.

275.     Defendant denies the allegations contained in Paragraph 275 of the Complaint.

276.     Defendant denies the allegations contained in Paragraph 276 of the Complaint.

277.     Defendant denies the allegations contained in Paragraph 277 of the Complaint.

278.     As to Paragraph 278 of the Complaint, Defendant admits that Plaintiff loaned him money personally and denies the remaining allegations contained in this paragraph.

279.     As to Paragraph 279 of the Complaint, Defendant admits that Plaintiff received payments of $3,500 from Clarigent and $2,000 from Defendant. Defendant denies the remaining allegations contained in this paragraph.

280.     Defendant denies the allegations contained in Paragraph 280 of the Complaint.

281.     Defendant denies the allegations contained in Paragraph 281 of the Complaint.

282.     Defendant denies the allegations contained in Paragraph 282 of the Complaint.

## COUNT XXI: ALLEGED QUANTUM MERUIT
### (AGAINST WRIGHT JR. AND DEFENDANT)

283.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 283 of the Complaint with the same force and effect as if fully set forth herein.

284.     As to Paragraph 284 of the Complaint, Defendant admits that Nostheide provided certain services to Clarigent as Director of Quality Assurance during the period of his employment when he held this role and denies any remaining allegations in this paragraph.

285.     As to Paragraph 285 of the Complaint, Defendant admits that Nostheide provided certain services to Clarigent as Director of Quality Assurance during his employment and denies any remaining allegations in this paragraph.

286.     As to Paragraph 286 of the Complaint, Defendant admits that Nostheide provided services to Clarigent as Director of Quality Assurance during his employment for which he was compensated and denies any remaining allegations in this paragraph.

287.     Defendant denies the allegations contained in Paragraph 287 of the Complaint.

288.     Defendant denies the allegations contained in Paragraph 288 of the Complaint.

289.     Defendant denies the allegations contained in Paragraph 289 of the Complaint.

## COUNT XXII: ALLEGED RETALIATION UNDER 29 U.S.C. § 215(A)(3)
### (AGAINST ALL DEFENDANTS)

290.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 290 of the Complaint with the same force and effect as if fully set forth herein.

291.     Defendant states that Paragraph 291 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the 29 U.S.C. § 215(a)(3) speaks for itself and denies any allegations inconsistent therewith.

292.     Defendant denies the allegations contained in Paragraph 292 of the Complaint.

293.     Defendant denies the allegations contained in Paragraph 293 of the Complaint.

294.     Defendant denies the allegations contained in Paragraph 294 of the Complaint.

## COUNT XXIII: ALLEGED RETALIATION UNDER R.C. 4111.13
## AND THE OHIO CONSTITUTION
(AGAINST ALL DEFENDANTS)

295.　　Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 295 of the Complaint with the same force and effect as if fully set forth herein.

296.　　Defendant states that Paragraph 296 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the R.C. 4111.13(B) and case law interpreting this statute speak for themselves and denies any allegations inconsistent therewith.

297.　　Defendant states that Paragraph 297 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the Ohio Constitution, Article II, Section 34a speaks for itself and denies any allegations inconsistent therewith.

298.　　Defendant states that Paragraph 298 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of R.C. 4111.14(J) speaks for itself and denies any allegations inconsistent therewith.

299.　　Defendant denies the allegations contained in Paragraph 299 of the Complaint.

300.　　Defendant denies the allegations contained in Paragraph 300 of the Complaint.

301.　　Defendant denies the allegations contained in Paragraph 301 of the Complaint.

## COUNT XXIV: ALLEGED RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)
(AGAINST ALL DEFENDANTS)

302.　　Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 302 of the Complaint with the same force and effect as if fully set forth herein.

303.    Defendant states that Paragraph 303 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of Section 215(a)(3) of the FLSA speaks for itself and denies any allegations inconsistent therewith.

304.    Defendant states that Paragraph 304 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the case law cited and/or quoted within this paragraph speaks for itself and denies any allegations inconsistent therewith.

305.    Defendant states that Paragraph 305 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of the case law quoted within this paragraph speaks for itself and denies any allegations inconsistent therewith.

306.    Defendant denies the allegations contained in Paragraph 306 of the Complaint.

307.    Defendant denies the allegations contained in Paragraph 307 of the Complaint.

COUNT XXV: ALLEGED RETALIATION IN VIOLATION OF R.C. 4111.13(B)
(AGAINST ALL DEFENDANTS)

308.    Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 308 of the Complaint with the same force and effect as if fully set forth herein.

309.    Defendant states that Paragraph 309 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states that the text of R.C. 4111.13(B) speaks for itself and denies any allegations inconsistent therewith.

310.    Defendant states that Paragraph 310 of the Complaint asserts legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant states

that the text of the case law cited within this paragraph speaks for itself and denies any allegations inconsistent therewith.

311.     Defendant denies the allegations contained in Paragraph 311 of the Complaint.

312.     Defendant denies the allegations contained in Paragraph 312 of the Complaint.

<u>COUNT XXVI: ALLEGED ALTER EGO</u>
(AGAINST ALL DEFENDANTS)

313.     Defendant repeats and restates each and every response to the paragraphs and allegations referred to in Paragraph 313 of the Complaint with the same force and effect as if fully set forth herein.

314.     Defendant denies the allegations contained in Paragraph 314 of the Complaint.

315.     Defendant denies the allegations contained in Paragraph 315 of the Complaint.

316.     Defendant denies the allegations contained in Paragraph 316 of the Complaint.

317.     Defendant denies the allegations contained in Paragraph 317 of the Complaint.

318.     Defendant denies the allegations contained in Paragraph 318 of the Complaint.

319.     Defendant denies the allegations contained in Paragraph 319 of the Complaint.

320.     Defendant denies the allegations contained in Paragraph 320 of the Complaint.

321.     Defendant denies the allegations contained in Paragraph 321 of the Complaint.

322.     Defendant denies the allegations contained in Paragraph 322 of the Complaint.

**<u>PRAYER</u>**

Defendant denies each and every allegation contained in the Complaint unless specifically admitted herein as true, and Defendant denies Plaintiff's prayer for relief following Paragraph 322 of the Complaint. Defendant further expressly denies that the Plaintiff is entitled to any of the relief sought in the Prayer, Paragraphs (a) through (j), inclusive.

## ADDITIONAL AFFIRMATIVE DEFENSES

Having answered the numbered paragraphs of the Complaint, and without conceding that Defendant bears the burden of proof as to any issue, Defendant hereby asserts the following affirmative defenses to the Complaint:

1.      The Complaint fails to state any claim upon which relief may be granted.

2.      Plaintiff's claims are barred in whole, or in part, because of insufficiency of process and/or insufficiency of service of process.

3.      Plaintiff's claims are barred in whole, or in part, by failure to join one or more indispensable parties.

4.      Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

5.      Plaintiff's claims are barred in whole, or in part, because Defendant was not an "employer" under the FLSA and/or Ohio law.

6.      Plaintiff's claims are barred, in whole or in part, because, at all times material to the complaint, Plaintiff was properly classified as exempt from provisions of the FLSA and/or Ohio law.

7.      Plaintiff's claims are barred, in whole or in part, because the hours Plaintiff alleges that he worked are not "hours worked" within the meaning of the FLSA and/or Ohio law.

8.      At all times, Defendant acted in good faith and had reasonable grounds for believing his actions were in compliance with the FLSA, Ohio law, and/or any other applicable law or regulation. Accordingly, any request by Plaintiff for liquidated damages must be stricken.

9.      Defendant did not know or show reckless disregard for whether conduct by any of the Defendants, including Defendant, was prohibited by the FLSA, Ohio law and/or any other

applicable law or regulation, and denies that it violated the FLSA, Ohio law and/or any other applicable law or regulation as alleged in the Complaint.

10.     To the extent Plaintiff suffered more than 40 hours in a workweek without pay, such time is not compensable because beyond and before the allegations in this Complaint, Defendant never previously possessed such knowledge of any alleged unpaid work and did not authorize Plaintiff to suffer such work.

11.     In the event Plaintiff is otherwise entitled to an award of damages against Defendant for unpaid overtime (which Plaintiff is not), certain aspects of Plaintiff's compensation must be excluded from regular rate of pay calculation under 29 U.S.C. § 207(e).

12.     Plaintiff's claims are barred to the extent Defendant did not have actual or constructive knowledge of any such hours allegedly worked.

13.     Plaintiff, by his conduct, is estopped from asserting any cause of action against Defendant.

14.     In the event Plaintiff is otherwise entitled to an award of damages against Defendant (which Plaintiff is not), he is not entitled to prejudgment interest.

15.     Plaintiff's claims based on contract, or any other express or implied promise, are barred in whole, or in part, by the statute of frauds.

16.     Plaintiff's claims based on contract, or any other express or implied promise, are barred in whole, or in part, by mutual mistake.

17.     Plaintiff's claims based on contract, or any other express or implied promise, are barred in whole, or in part, because Defendant fully performed his obligations under any and all agreements with Plaintiff.

18.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, and/or laches.

19.     Plaintiff's claims are barred in whole, or in part, because Defendant did not knowingly and intentionally fail to comply with any statute or regulation, including for the payment of any compensation owed, but rather acted in good faith and had reasonable grounds for believing that it did not violate any applicable statute or regulation and that compensation owed was paid as due.

20.     Plaintiff's claims are barred in whole, or in part, because the agreements pled are unenforceable.

21.     Plaintiff's claims are barred in whole, or in part, due to a lack of consideration.

22.     Plaintiff's claims are barred in whole, or in part, under the doctrines of impossibility, impracticability, and/or frustration of purpose.

23.     Plaintiff's claims are barred in whole, or in part, because he failed to mitigate any alleged damages.

24.     Plaintiff's claims are barred in whole, or in part, by the doctrine of unclean hands or fraud.

25.     Plaintiff's claims are barred in whole, or in part, by rescission or mutual abandonment.

26.     Plaintiff's claims are barred in whole, or in part, by his own breaches of contract.

27.     Plaintiff's claims are barred in whole, or in part, by assumption of the risk.

28.     Plaintiff's claims are barred, in whole or in part, because Defendant did not breach any duty owed to Plaintiff under federal, state, or local law.

29.     Any losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

30.     Upon information and belief, Plaintiff's claims are barred in whole, or in part, because his claims are frivolous and groundless and known to him to be frivolous and groundless and without foundation in fact or law. Furthermore, upon information and belief, this suit is being pursued in bad faith for vexatious reasons to harass Defendant.

31.     In the event Plaintiff is otherwise entitled to an award of damages against Defendant, that award must be barred or reduced or set off if additional investigation uncovers wrongful conduct and money owed to Defendant.

32.     Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

33.     All actions taken by Defendant in connection with Plaintiff and his employment were in good faith and for legitimate, non-retaliatory, and non-pretextual reasons.

34.     Plaintiff cannot establish that Clarigent's legitimate, non-retaliatory reasons for terminating Plaintiff's employment were pretext.

35.     The Complaint fails to state facts sufficient to entitle Plaintiff to punitive damages.

36.     The Complaint fails to plead fraud with particularity.

37.     Defendant reserves the right to assert as a defense, should the facts in discovery establish it, that some or all of Plaintiff's claims or demands for relief are barred or otherwise limited by the after-acquired evidence doctrine.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery.

## CONCLUSION

WHEREFORE, having fully responded to the Complaint herein and asserted affirmative defenses, Defendant Don Wright, Jr., denies that he is liable to Plaintiff, and respectfully requests that this Court enter judgment in his favor and against Plaintiff, and issue an Order:

(i) dismissing Plaintiff's Complaint in its entirety, with prejudice, as against Defendant;

(ii) awarding to Defendant his costs, expenses, and attorneys' fees incurred herein; and

(iii) granting to Defendant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Todd M. Seaman*
Todd M. Seaman (0090839)
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 469-3257
Facsimile: (614) 469-3361
Todd.Seaman@ThompsonHine.com

Jessica MacKeigan (008712)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5639
Facsimile: (216) 566-5800
Jessica.MacKeigan@ThompsonHine.com

*Attorneys for Defendant Donald Wright Jr.*

## JURY DEMAND

Defendant, Defendant Don Wright, Jr., demands a trial by jury by the maximum number of jurors permitted.

*/s/ Todd M. Seaman*
*One of the Attorneys for Defendant*
*Donald Wright Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.


*/s/ Todd M. Seaman*
*One of the Attorneys for Defendant*
*Donald Wright Jr.*