**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM NOSTHEIDE** | ) | **Case No. 1:24-cv-00344-MWM** |
| | : | |
| **Plaintiff,** | ) | **Judge Matthew W. McFarland** |
| | : | |
| **v.** | ) | |
| | : | |
| **CLARIGENT CORPORATION, et al,** | ) | |
| | : | |
| **Defendants.** | ) | |

---

**WILLIAM HAYNES' ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

William Haynes ("Haynes"), by and through counsel, hereby presents its answer to the First Amended Complaint (the "Complaint") (Doc. 9) filed by Plaintiff William Nostheide ("Nostheide" or "Plaintiff") as follows:

**PARTIES**[1]

1.      Haynes is without knowledge sufficient to admit or deny the allegations provided in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Haynes denies the allegations contained in Paragraph 2 of the Complaint.

3.      Haynes is without knowledge sufficient to admit or deny the allegations provided in Paragraph 3 of the Complaint, and therefore denies the same.

4.      Haynes admits the allegations contained in Paragraph 4 of the Complaint.

**PERSONAL JURISDICTION**

---

[1] For the purposes of this Answer, Haynes has incorporated the headings presented in Plaintiff's First Amended Complaint. Haynes specifically denies any factual averments contained in any headings of Plaintiff's First Amended Complaint.

1

5.      Paragraph 5 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 5 contains factual averments, they are denied.

6.      Paragraph 6 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 6 contains factual averments, they are denied.

7.      Paragraph 7 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 7 contains factual averments, they are denied.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      Paragraph 8 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 8 contains factual averments, they are denied.

9.      Paragraph 9 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 9 contains factual averments, they are denied.

10.      Paragraph 10 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 10 contains factual averments, they are denied.

## FLSA COVERAGE.

11.      Paragraph 11 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 11 contains factual averments, they are denied.

2

12.     Paragraph 12 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 12 contains factual averments, they are denied.

13.     Paragraph 13 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 13 contains factual averments, they are denied.

14.     Paragraph 14 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 14 contains factual averments, they are denied.

## FACTUAL ALLEGATIONS.

15.     Haynes admits the allegations contained in Paragraph 15 of the Complaint.

16.     Haynes admits the allegations contained in Paragraph 16 of the Complaint.

17.     Haynes denies the allegations contained in Paragraph 17 of the Complaint.

18.     Haynes denies the allegation contained in Paragraph 18 of the Complaint.

19.     Haynes denies the allegation contained in Paragraph 19 of the Complaint.

20.     Haynes admits the allegations contained in Paragraph 20 of the Complaint.

21.     Haynes admits the allegations contained in Paragraph 21 of the Complaint

22.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint; and therefore, denies the same.

23.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint; and therefore, denies the same.

19529308v1

24.     Haynes admits a document was attached as Exhibit A to the Complaint but denies the remaining allegations contained in Paragraph 25 of the Complaint. Doc. 9-1 referenced in Paragraph 24 speaks for itself.

25.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint; and therefore, denies the same.

26.     Haynes denies the allegations contained in Paragraph 26 of the Complaint.

27.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint; and therefore, denies the same.

28.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint; and therefore, denies the same.

29.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 29 of the Complaint; and therefore, denies the same.

30.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 30 of the Complaint; and therefore, denies the same.

31.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint; and therefore, denies the same.

32.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 32 of the Complaint; and therefore, denies the same.

33.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint; and therefore, denies the same.

34.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint; and therefore, denies the same.

4

35.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint; and therefore, denies the same.

36.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 36 of the Complaint; and therefore, denies the same

37.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 37 of the Complaint; and therefore, denies the same.

38.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 38 of the Complaint; and therefore, denies the same.

39.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 39 of the Complaint; and therefore, denies the same.

40.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 40 of the Complaint; and therefore, denies the same.

41.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 41 of the Complaint; and therefore, denies the same.

42.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 42 of the Complaint; and therefore, denies the same.

43.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 43 of the Complaint; and therefore, denies the same.

44.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint; and therefore, denies the same.

45.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 45 of the Complaint; and therefore, denies the same.

19529308v1

46.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 46 of the Complaint; and therefore, denies the same.

47.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 47 of the Complaint; and therefore, denies the same.

48.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint; and therefore, denies the same.

49.     Haynes denies the allegations contained in Paragraph 49 of the Complaint.

50.     Haynes denies the allegations contained in Paragraph 50 of the Complaint.

51.     Haynes denies the allegations contained in Paragraph 51 of the Complaint.

52.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint; and therefore, denies the same.

53.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 53 of the Complaint; and therefore, denies the same.

54.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 54 of the Complaint; and therefore, denies the same.

55.     Haynes denies the allegations contained in Paragraph 55 of the Complaint.

56.     Haynes denies the allegations contained in Paragraph 56 of the Complaint.

57.     Haynes denies the allegations contained in Paragraph 57 of the Complaint.

58.     Haynes denies the allegations contained in Paragraph 58 of the Complaint.

59.     Haynes denies the allegations contained in Paragraph 59 of the Complaint.

60.     Haynes denies the allegations contained in Paragraph 60 of the Complaint.

61.     Haynes denies the allegations contained in Paragraph 61 of the Complaint.

19529308v1

62.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 62 of the Complaint; and therefore, denies the same.

63.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint; and therefore, denies the same.

64.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 64 of the Complaint; and therefore, denies the same.

65.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint; and therefore, denies the same.

66.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 66 of the Complaint; and therefore, denies the same.

67.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 67 of the Complaint; and therefore, denies the same.

68.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint; and therefore, denies the same.

69.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 69 of the Complaint; and therefore, denies the same.

70.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 70 of the Complaint; and therefore, denies the same.

71.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 71 of the Complaint; and therefore, denies the same.

72.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 72 of the Complaint; and therefore, denies the same.

73.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 73 of the Complaint; and therefore, denies the same.

74.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 74 of the Complaint; and therefore, denies the same.

75.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 75 of the Complaint; and therefore, denies the same.

76.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 76 of the Complaint; and therefore, denies the same.

77.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 77 of the Complaint; and therefore, denies the same.

78.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 78 of the Complaint; and therefore, denies the same.

79.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 79 of the Complaint; and therefore, denies the same

80.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 80 of the Complaint; and therefore, denies the same.

81.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 81 of the Complaint; and therefore, denies the same.

82.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 82 of the Complaint; and therefore, denies the same.

83.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 83 of the Complaint; and therefore, denies the same.

84.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 84 of the Complaint; and therefore, denies the same.

85.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 85 of the Complaint; and therefore, denies the same.

86.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 86, including subparts (a) through (c) of the Complaint; and therefore, denies the same.

87.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 87 of the Complaint; and therefore, denies the same.

88.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 88 of the Complaint; and therefore, denies the same.

89.     Haynes denies the allegations contained in Paragraph 89 of the Complaint.

90.     Haynes denies the allegations contained in Paragraph 90 of the Complaint.

91.     Haynes denies the allegations contained in Paragraph 91 of the Complaint.

92.     Haynes denies the allegations contained in Paragraph 92 of the Complaint.

93.     Haynes denies the allegations contained in Paragraph 93 of the Complaint.

94.     Haynes denies the allegations contained in Paragraph 94 of the Complaint.

95.     Haynes denies the allegations contained in Paragraph 95 of the Complaint.

96.     Haynes denies the allegations contained in Paragraph 96 of the Complaint.

97.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 97 of the Complaint; and therefore, denies the same.

98.     Haynes denies the allegations contained in Paragraph 98 of the Complaint.

99.     Haynes denies the allegations contained in Paragraph 99 of the Complaint.

100.    Haynes denies the allegations contained in Paragraph 100 of the Complaint.

101.    Haynes denies the allegations contained in Paragraph 101 of the Complaint and the mischaracterization of any communications attributed to him.

102.    Haynes denies the allegations contained in Paragraph 102 of the Complaint.

103.    Haynes denies the allegations contained in Paragraph 103 of the Complaint.

104.    Haynes denies the allegations contained in Paragraph 104 of the Complaint.

105.    Haynes denies the allegations contained in Paragraph 105 of the Complaint.

106.    Haynes denies the allegations contained in Paragraph 106 of the Complaint.

107.    Haynes denies the allegations contained in Paragraph 107 of the Complaint.

108.    Haynes denies the allegations contained in Paragraph 108 of the Complaint.

109.    Haynes denies the allegations contained in Paragraph 109 of the Complaint.

110.    Haynes admits a document was attached as Exhibit B to the Complaint but denies the remaining allegations contained in Paragraph 110 of the Complaint. Doc. 9-2 referenced in Paragraph 110 speaks for itself.

111.    Haynes admits a document was attached as Exhibit B to the Complaint but denies the remaining allegations contained in Paragraph 111 of the Complaint. Doc. 9-2 referenced in Paragraph 111 speaks for itself.

112.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 112 of the Complaint; and therefore, denies the same.

113.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 113 of the Complaint; and therefore, denies the same.

114.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 114 of the Complaint; and therefore, denies the same.

19529308v1

115.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 115 of the Complaint; and therefore, denies the same.

116.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 116 of the Complaint; and therefore, denies the same.

117.    Haynes denies the allegations contained in Paragraph 117 of the Complaint.

118.    Haynes denies the allegations contained in Paragraph 118 of the Complaint.

119.    Haynes denies the allegations contained in Paragraph 119 of the Complaint.

## COUNT I:  VIOLATION OF THE FAIR LABOR STANDARDS ACT.
### (Asserted Against All Defendants)

120.    Paragraph 120 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 120 contains factual averments, Haynes denies the same.

121.    Paragraph 121 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 121 contains factual averments, they are denied.

122.    Paragraph 122 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 122 contains factual averments, they are denied.

123.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 123 of the Complaint; and therefore, denies the same.

124.    Haynes denies the allegations contained in Paragraph 124 of the Complaint.

125.    Haynes denies the allegations contained in Paragraph 125 of the Complaint.

126.    Haynes denies the allegations contained in Paragraph 126 of the Complaint.

19529308v1

127. Haynes denies the allegations contained in Paragraph 127 of the Complaint.

128. Haynes denies the allegations contained in Paragraph 128 of the Complaint.

129. Haynes denies the allegations contained in Paragraph 129 of the Complaint.

130. Haynes denies the allegations contained in Paragraph 130 of the Complaint.

131. Haynes denies the allegations contained in Paragraph 131 of the Complaint.

132. Haynes denies the allegations contained in Paragraph 132 of the Complaint.

133. Haynes denies the allegations contained in Paragraph 133 of the Complaint.

134. Haynes denies the allegations contained in Paragraph 134 of the Complaint.

135. Haynes denies the allegations contained in Paragraph 135 of the Complaint.

## COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGES STANDARD ACT
### (Asserted Against All Defendants).

136. Paragraph 136 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 136 contains factual averments, Haynes denies the same.

137. Paragraph 137 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 137 contains factual averments, they are denied.

138. Paragraph 138 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 138 contains factual averments, they are denied.

139. Haynes denies the allegations contained in Paragraph 139 of the Complaint.

140. Haynes denies the allegations contained in Paragraph 140 of the Complaint.

141. Haynes denies the allegations contained in Paragraph 141 of the Complaint.

142. Haynes denies the allegations contained in Paragraph 142 of the Complaint.

143. Haynes denies the allegations contained in Paragraph 143 of the Complaint.

144. Haynes denies the allegations contained in Paragraph 144 of the Complaint.

145. Haynes denies the allegations contained in Paragraph 145 of the Complaint.

146. Haynes denies the allegations contained in Paragraph 146 of the Complaint.

147. Haynes denies the allegations contained in Paragraph 147 of the Complaint.

148. Haynes denies the allegations contained in Paragraph 148 of the Complaint.

**COUNT III:  BREACH OF CONTRACT**
**(Asserted Against Clarigent Only)**

149. Paragraph 149 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 149 contains factual averments, Haynes denies the same.

150. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 150 of the Complaint; and therefore, denies the same.

151. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 151 of the Complaint; and therefore, denies the same.

152. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 152 of the Complaint; and therefore, denies the same.

153. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 153 of the Complaint; and therefore, denies the same.

154. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 154 of the Complaint; and therefore, denies the same.

19529308v1

155.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 155 of the Complaint; and therefore, denies the same.

156.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 156 of the Complaint; and therefore, denies the same.

157.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 157 of the Complaint; and therefore, denies the same.

158.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 158 of the Complaint; and therefore, denies the same.

159.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 159 of the Complaint; and therefore, denies the same.

160.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 160 of the Complaint; and therefore, denies the same.

## COUNT IV:  BREACH OF CONTRACT
### (Asserted Against Wright Jr. Only)

161.    Paragraph 161 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 161 contains factual averments, Haynes denies the same.

162.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 162 of the Complaint; and therefore, denies the same.

163.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 163 of the Complaint; and therefore, denies the same.

164.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 164 of the Complaint; and therefore, denies the same.

## COUNT V:  BREACH OF IMPLIED CONTRACT
### (Asserted Against Clarigent Only)

165.    Paragraph 165 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 165 contains factual averments, Haynes denies the same.

166.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 166 of the Complaint; and therefore, denies the same.

167.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 167 of the Complaint; and therefore, denies the same

168.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 168 of the Complaint; and therefore, denies the same.

169.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 169 of the Complaint; and therefore, denies the same.

170.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 170 of the Complaint; and therefore, denies the same.

171.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 171 of the Complaint; and therefore, denies the same.

172.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 172 of the Complaint; and therefore, denies the same.

## COUNT VI:  BREACH OF IMPLIED CONTRACT
### (Asserted Against Wright Jr. Only)

173.    Paragraph 173 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes

15

incorporates all prior admissions and denials and to the extent Paragraph 173 contains factual averments, Haynes denies the same.

174.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 174 of the Complaint; and therefore, denies the same.

175.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 175 of the Complaint; and therefore, denies the same.

176.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 176 of the Complaint; and therefore, denies the same.

177.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 177 of the Complaint; and therefore, denies the same.

### COUNT VII:  UNJUST ENRICHMENT
### (Asserted Against Clarigent Only)

178.    Paragraph 178 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 178 contains factual averments, Haynes denies the same.

179.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 179 of the Complaint; and therefore, denies the same.

180.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 180 of the Complaint; and therefore, denies the same.

181.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 181 of the Complaint; and therefore, denies the same.

182.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 182 of the Complaint; and therefore, denies the same.

## COUNT VIII: UNJUST ENRICHMENT
### (Asserted Against Wright Jr. Only)

183.     Paragraph 183 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 183 contains factual averments, Haynes denies the same.

184.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 184 of the Complaint; and therefore, denies the same.

185.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 185 of the Complaint; and therefore, denies the same.

186.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 186 of the Complaint; and therefore, denies the same.

187.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 187 of the Complaint; and therefore, denies the same.

## COUNT IX: PROMISSORY ESTOPPEL
### (Asserted Against Clarigent Only)

188.     Paragraph 188 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 188 contains factual averments, Haynes denies the same.

189.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 189 of the Complaint; and therefore, denies the same.

190.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 190 of the Complaint; and therefore, denies the same.

19529308v1

191.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 191 of the Complaint; and therefore, denies the same.

192.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 192 of the Complaint; and therefore, denies the same.

193.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 193 of the Complaint; and therefore, denies the same.

## COUNT X:  PROMISSORY ESTOPPEL
### (Asserted Against Wright Jr. Only)

194.    Paragraph 194 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 194 contains factual averments, Haynes denies the same.

195.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 195 of the Complaint; and therefore, denies the same.

196.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 196 of the Complaint; and therefore, denies the same.

197.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 197 of the Complaint; and therefore, denies the same.

198.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 198 of the Complaint; and therefore, denies the same.

199.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 199 of the Complaint; and therefore, denies the same.

## COUNT XI:  FRAUD
### (Asserted Against Wright Jr. Only).

18

200.    Paragraph 200 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 200 contains factual averments, Haynes denies the same.

201.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 201 of the Complaint; and therefore, denies the same.

202.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 202 of the Complaint; and therefore, denies the same.

203.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 203 of the Complaint; and therefore, denies the same.

204.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 204 of the Complaint; and therefore, denies the same.

205.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 205 of the Complaint; and therefore, denies the same.

206.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 206 of the Complaint; and therefore, denies the same.

207.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 207 of the Complaint; and therefore, denies the same.

208.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 208 of the Complaint; and therefore, denies the same.

209.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 209 of the Complaint; and therefore, denies the same.

19529308v1

210. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 210 of the Complaint; and therefore, denies the same.

## COUNT XII: FRAUD
### (Asserted Against Clarigent Only)

211. Paragraph 211 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 211 contains factual averments, Haynes denies the same.

212. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 212 of the Complaint; and therefore, denies the same.

213. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 213 of the Complaint; and therefore, denies the same.

214. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 214 of the Complaint; and therefore, denies the same.

215. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 215 of the Complaint; and therefore, denies the same.

216. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 216 of the Complaint; and therefore, denies the same.

217. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 217 of the Complaint; and therefore, denies the same.

218. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 218 of the Complaint; and therefore, denies the same.

219. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 219 of the Complaint; and therefore, denies the same.

20

## COUNT XIII: VIOLATION OF THE OHIO PROMPT PAY ACT.
### (Asserted Against Clarigent Only)

220. Paragraph 220 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 220 contains factual averments, Haynes denies the same.

221. Paragraph 221 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 221 contains factual averments, they are denied.

222. Paragraph 222 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 222 contains factual averments, they are denied.

223. Haynes denies the allegations contained in Paragraph 223 of the Complaint.

224. Paragraph 224 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 224 contains factual averments, they are denied.

## COUNT XIV: CONVERSION
### (Asserted Against Clarigent Only)

225. Paragraph 225 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 225 contains factual averments, Haynes denies the same.

226. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 226 of the Complaint; and therefore, denies the same.

21

227.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 227 of the Complaint; and therefore, denies the same.

228.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 228 of the Complaint; and therefore, denies the same.

229.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 229 of the Complaint; and therefore, denies the same.

230.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 230 of the Complaint; and therefore, denies the same.

### COUNT XV:  CONVERSION
### (Asserted Against Wright Jr. Only)

231.    Paragraph 231 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 231 contains factual averments, Haynes denies the same.

232.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 232 of the Complaint; and therefore, denies the same.

233.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 233 of the Complaint; and therefore, denies the same.

234.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 234 of the Complaint; and therefore, denies the same.

235.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 235 of the Complaint; and therefore, denies the same.

236.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 236 of the Complaint; and therefore, denies the same.

## COUNT XVI:  FRAUDULENT INDUCEMENT
### (Asserted Against Wright Jr. Only)

237.     Paragraph 237 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 237 contains factual averments, Haynes denies the same.

238.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 238 of the Complaint; and therefore, denies the same.

239.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 239 of the Complaint; and therefore, denies the same.

240.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 240 of the Complaint; and therefore, denies the same.

241.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 241 of the Complaint; and therefore, denies the same.

242.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 242 of the Complaint; and therefore, denies the same.

243.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 243 of the Complaint; and therefore, denies the same.

244.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 244 of the Complaint; and therefore, denies the same.

245.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 245 of the Complaint; and therefore, denies the same.

## COUNT XVII:  FRAUDULENT INDUCEMENT
### (Asserted Against Clarigent Only)

246. Paragraph 246 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 246 contains factual averments, Haynes denies the same.

247. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 247 of the Complaint; and therefore, denies the same.

248. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 248 of the Complaint; and therefore, denies the same.

249. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 249 of the Complaint; and therefore, denies the same.

250. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 250 of the Complaint; and therefore, denies the same.

251. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 251 of the Complaint; and therefore, denies the same.

252. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 252 of the Complaint; and therefore, denies the same.

253. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 253 of the Complaint; and therefore, denies the same.

254. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 254 of the Complaint; and therefore, denies the same.

255. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 255 of the Complaint; and therefore, denies the same.

**COUNT XVIII: CIVIL LIABILITY FOR CRIMINAL CONDUCT PURSUANT TO OHIO R.C. § 2307.60.**

**(Asserted Against Clarigent Only).**

256.    Paragraph 256 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 256 contains factual averments, Haynes denies the same.

257.    Paragraph 257 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 257 contains factual averments, they are denied.

258.    Paragraph 258 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 258 contains factual averments, they are denied.

259.    Paragraph 259 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 259 contains factual averments, they are denied.

260.    Paragraph 260 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 260 contains factual averments, they are denied.

261.    Paragraph 261 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 261 contains factual averments, they are denied.

262.    Paragraph 262 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 262 contains factual averments, they are denied.

263.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 263 of the Complaint; and therefore, denies the same.

### COUNT XVIII:  CIVIL LIABILITY FOR CRIMINAL CONDUCT PURSUANT TO OHIO R.C. § 2307.60. (Asserted Against Wright Jr. Only).

264.    Paragraph 264 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 264 contains factual averments, Haynes denies the same.

265.    Paragraph 265 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 265 contains factual averments, they are denied.

266.    Paragraph 266 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 266 contains factual averments, they are denied.

267.    Paragraph 267 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 267 contains factual averments, they are denied.

268.    Paragraph 268 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 268 contains factual averments, they are denied.

269.    Paragraph 269 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 269 contains factual averments, they are denied.

270.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 270 of the Complaint; and therefore, denies the same.

<u>**COUNT XX: CONSTRUCTIVE FRAUD**</u>
<u>**(Asserted Against Clarigent and Wright Jr. Only)**</u>

271.    Paragraph 271 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 271 contains factual averments, Haynes denies the same.

272.    Paragraph 272 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 272 contains factual averments, they are denied.

273.    Paragraph 273 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 273 contains factual averments, they are denied

274.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 274 of the Complaint; and therefore, denies the same.

275.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 275 of the Complaint; and therefore, denies the same.

276.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 276 of the Complaint; and therefore, denies the same.

277.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 277 of the Complaint; and therefore, denies the same.

278.    Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 278 of the Complaint; and therefore, denies the same.

279.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 279 of the Complaint; and therefore, denies the same.

280.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 280 of the Complaint; and therefore, denies the same.

281.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 281 of the Complaint; and therefore, denies the same.

282.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 282 of the Complaint; and therefore, denies the same.

283.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 283 of the Complaint; and therefore, denies the same.

284.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 284 of the Complaint; and therefore, denies the same.

### COUNT XXI:  QUANTUM MERUIT
### (Asserted Against Clarigent and Wright Jr. Only)

285.     Paragraph 285 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 285 contains factual averments, Haynes denies the same.

286.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 286 of the Complaint; and therefore, denies the same.

287.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 287 of the Complaint; and therefore, denies the same.

288.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 288 of the Complaint; and therefore, denies the same.

19529308v1

289.     Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 289 of the Complaint; and therefore, denies the same.

## COUNT XXII:  UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)
### (Asserted Against All Defendants)

290.     Paragraph 290 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 290 contains factual averments, Haynes denies the same.

291.     Paragraph 291 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 291 contains factual averments, they are denied.

292.     Haynes denies the allegations contained in Paragraph 292 of the Complaint.

293.     Haynes denies the allegations contained in Paragraph 293 of the Complaint.

294.     Haynes denies the allegations contained in Paragraph 294 of the Complaint.

## COUNT XXII:  UNLAWFUL RETALIATION IN VIOLATION OF OHIO R.C. § 4111.13
### AND THE OHIO CONSTITUTION
### (Asserted Against All Defendants)

295.     Paragraph 295 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 295 contains factual averments, Haynes denies the same.

296.     Paragraph 296 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 296 contains factual averments, they are denied.

19529308v1

297. Paragraph 297 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 297 contains factual averments, they are denied.

298. Paragraph 298 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 298 contains factual averments, they are denied.

299. Haynes denies the allegations contained in Paragraph 299 of the Complaint.

300. Haynes denies the allegations contained in Paragraph 300 of the Complaint.

301. Haynes denies the allegations contained in Paragraph 301 of the Complaint.

## COUNT XXIII: POST EMPLOYMENT RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3)
### (Asserted Against All Defendants)

302. Paragraph 302 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 302 contains factual averments, Haynes denies the same.

303. Paragraph 303 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 303 contains factual averments, they are denied.

304. Paragraph 304 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 304 contains factual averments, they are denied.

19529308v1

305.    Paragraph 305 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 305 contains factual averments, they are denied

306.    Haynes denies the allegations contained in Paragraph 306 of the Complaint.

307.    Haynes denies the allegations contained in Paragraph 307 of the Complaint.

### COUNT XXII:  POST EMPLOYMENT RETALIATION IN VIOLATION OF OHIO R.C. § 4111.13 AND THE OHIO CONSTITUTION
#### (Asserted Against All Defendants)

308.    Paragraph 308 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes incorporates all prior admissions and denials and to the extent Paragraph 308 contains factual averments, Haynes denies the same.

309.    Paragraph 309 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 309 contains factual averments, they are denied.

310.    Paragraph 310 does not contain any allegations of fact, but rather contains a legal conclusion, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). To the extent Paragraph 310 contains factual averments, they are denied.

311.    Haynes denies the allegations contained in Paragraph 311 of the Complaint.

312.    Haynes denies the allegations contained in Paragraph 312 of the Complaint.

### COUNT XXIII:  ALTER EGO
#### (Asserted Against All Defendants)

313.    Paragraph 313 does not contain any allegations of fact, and is therefore not susceptible to an admission or denial within the meaning of Fed. R. Civ. P. 8(b). Haynes

incorporates all prior admissions and denials and to the extent Paragraph 313 contains factual averments, Haynes denies the same.

314. Haynes denies the allegations contained in Paragraph 314 of the Complaint.

315. Haynes denies the allegations contained in Paragraph 315 of the Complaint.

316. Haynes denies the allegations contained in Paragraph 316 of the Complaint.

317. Haynes is without knowledge sufficient to admit or deny the allegations contained in Paragraph 317 of the Complaint; and therefore, denies the same.

318. Haynes denies the allegations contained in Paragraph 318 of the Complaint.

319. Haynes denies the allegations contained in Paragraph 319 of the Complaint.

320. Haynes denies the allegations contained in Paragraph 320 of the Complaint.

321. Haynes denies the allegations contained in Paragraph 321 of the Complaint.

322. Haynes denies the allegations contained in Paragraph 322 of the Complaint.

## PRAYER FOR RELIEF

323. Plaintiff's "Prayer for Relief" paragraph does not contain an allegation or averment of fact, and therefore requires no response from Haynes. To the extent any response is necessary, Haynes denies any allegations contained in the paragraph and all subsections (a) through (j), and expressly denies Plaintiff is entitled to any relief, monetary or equitable from Haynes.

## AFFIRMATIVE DEFENSES

In addition to the factual and legal denials stated above, Haynes sets forth the following Affirmative Defenses to the allegations contained in the First Amended Complaint. Haynes reserves the right to amend this Answer with additional defenses, and responses to the allegations, as further information is obtained during the course of discovery. Plaintiff's claims are barred, in whole or in part, by the following:

32

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by judicial estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and relief sought (and more specifically, any statutory damages or penalties) are barred to the extent he failed to exhaust all administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to any compensation, whether minimum wage, overtime pay, or for hours he did not work under any state or federal law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable forfeiture or faithless servant/faithless agent doctrine.

## SIXTH AFFIRMATIVE DEFENSE

Haynes acted in good faith and for legitimate business reasons with respect to Plaintiff and at all times had reasonable grounds to believe his actions were in accordance with the law.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged violation of the Fair Labor Standards Act (FLSA) including, but not limited to, minimum wage, overtime, meal break, rest break or any FLSA requirements, which is denied, occurred in good faith, in conformity with and in reliance on written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor, or with administrative practices or enforcement policies of said

33

Administrator applicable Orders and regulations, on advice of counsel and/or with reasonable grounds to believe Haynes, and/or any defendant hereto, was not violating the FLSA, and; therefore, was not "willful."

### EIGHTH AFFIRMATIVE DEFENSE

All, or part, of the time for which Plaintiff would seek compensation does not constitute compensable time within the meaning of the FLSA; therefore, this action is barred to the extent that Plaintiff seeks relief for non-compensable activities and/or for time not considered hours worked under the FLSA.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including without limitation, 29 U.S.C.A. § 255, and/or administrative filing periods.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppels, accord and satisfaction and/or waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff was a non-exempt employee who worked any period of time without pay and/or for more than eight hours in a day or forty hours in a work week without overtime pay, which Haynes expressly denies, then such hours worked were done without notice to Haynes, and was in violation of Clarigent's policy, instruction and procedures governing record-keeping and employment, and without knowledge and sufferance of Clarigent.

### TWELFTH AFFIRMATIVE DEFENSE

34

To the extent Plaintiff failed to mitigate damages, if any, by the exercise of reasonable diligence, Haynes asserts the defense of failure to mitigate and/or doctrine of avoidable consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

Haynes is not an employer as defined by the FLSA or Ohio law; therefore, cannot be held responsible for any alleged failure to pay wages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to a failure to report any such alleged uncompensated time.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the Business Judgment Rule.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Haynes acted in conformity with and in reliance on written administrative regulation, order, ruling, approval or interpretation of the FLSA, applicable state law or with administrative practices or enforcement policies dictated by state law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to an act of fraud, intentional misconduct and/or criminal behavior.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to preemption.

### NINETEENTH AFFIRMATIVE DEFENSE

Some or all of the allegedly disputed time for which Plaintiff seeks recovery of wages purportedly owed is not compensable pursue to the *de minimus* doctrine.

### .TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the intracorporate conspiracy doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and damages, if any, are barred or limited to the extent they were caused by a superseding and/or intervening cause.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged claim contained therein, is barred in whole precluding any recovery for any individual who has been compensated in full for all wages earned in accordance with the FLSA, applicable state law or with administrative practices or enforcement policies dictated by state law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each alleged claim contained therein, is barred, in whole or in part, to the extent the work performed falls within the exemptions, exclusions, exceptions, or credits provided by the FLSA, and more specifically, 29 U.S.C.A. § 207(f) (irregular hours of work); and 29 U.S.C.A. § 207(h) (credit for amounts excluded from regular rate).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery for prejudgment interest, costs or reasonable attorney's fees is precluded because Plaintiff was paid all sums legally due under the FLSA, applicable state law or with administrative practices or enforcement policies dictated by state law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any claim for overtime liability and/or liquidated damages under the FLSA is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C.A. §§ 259 and 260, as Haynes was

at all times acting in good faith and had reasonable grounds for believing its actions were not in violation of the FLSA, applicable state law or with administrative practices or enforcement policies dictated by state law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail due to his failure to establish the required prima facie elements for retaliation and/or alter ego.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or some or all of the damages, if any, suffered by Plaintiff were a result of Plaintiff's own acts or omissions, contributory negligence, breach of duty, misrepresentations and unclean hands.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has filed or does file for bankruptcy or assigns his claims to a third party.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Haynes further pleads any and all other affirmative defenses provided for in the Federal Rules of Civil Procedure, United States Code, state statute, or any federal or state common law defense that may, through further discovery, be determined to be applicable to this litigation.

WHEREFORE, Haynes respectfully requests this Court dismiss Plaintiff's First Amended Complaint in its entirety, and further award judgment in favor of Haynes, together with attorneys' fees and costs in this matter.

19529308v1

Respectfully submitted,

*/s/ Theresa L. Nelson*
Theresa L. Nelson (OH: 0072521)
Bricker Graydon LLP
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202
Phone: (513) 629-2720
Email: TNelson@brickergraydon.com
**Attorneys for Defendant William Haynes**

## CERTIFICATE OF SERVICE

The undersigned certifies a copy of the forgoing was filed electronically through the Court's CM-ECF filing system on September 4, 2024. Notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system.

*/s/ Theresa L. Nelson*
Theresa L. Nelson

19529308v1