**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO WESTERN
DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| WILLIAM NOSTHEIDE, | : | Case No. 1:24-cv-00344 |
| Plaintiff(s), | : | Judge Matthew W. McFarland |
| v. | : | |
| CLARIGENT CORPORATION, ET AL, | : | |
| Defendant(s). | : | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on October 3, 2024.

**A.   MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

**X** Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____

_____

_____ .

 ☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B. RULE 26(a) DISCLOSURES**

 ☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

 **X** The parties will exchange such disclosures by <u>October 21, 2024</u>.

 ☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**C. DISCOVERY ISSUES AND DATES**

 **1.** Discovery will need to be conducted on the issues of

<u>The Parties plan to conduct written discovery as well as depositions of the Plaintiff and witnesses from Defendants. Topics will include Plaintiff's claims, the alleged facts and damages in the case and the defenses asserted by Defendants.</u>

 **2.** The parties recommend that discovery

  **X** need not be bifurcated.

  ☐ Should be bifurcated between liability and damages.

  ☐ Should be bifurcated between factual and expert.

  ☐ Should be limited to or focused upon issues relating to _____.

 **3.** Disclosure and report of Plaintiff(s) expert(s) by <u>April 25, 2025</u>.

4. Disclosure and report by Defendant(s) expert(s) by <u>May 23, 2025</u>.

5. Disclosure and report of rebuttal expert(s) by <u>June 20, 2025</u>.

6. Disclosure of non-expert (fact) witnesses by <u>March 21, 2025</u>.

7. Discovery cut-off <u>April 25, 2025</u>.

8. Anticipated discovery problems

    ☐

    **X**  <u>None.</u>

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

    <u>Plaintiff intends to conduct discovery to support and prove up his claims, to include, but not limited to Defendants' finances; the operating expenses and expenditures of Clarigent; investments made by third parties into Clarigent; payments or transfers of money or other assets from Clarigent to Haynes and/or Wright; Defendants' use of funds Plaintiff loaned them; including the payment of wages, if any, to other Clarigent employees; the reason(s) and decision making process behind Plaintiff's termination; the reason(s) and decision making process behind Defendants' decision not to pay Plaintiff wages; the reason(s) and decision making process behind Defendants' decision to not pay Plaintiff the wages he is due or the money he loaned Defendants; and any and all defenses asserted by Defendants.</u>

    <u>Defendants intend to conduct discovery to support their defenses, to include propounding written discovery to Plaintiff and deposing Plaintiff on the topics of his allegations, claims, employment with Clarigent and the terms and conditions of Plaintiff's employment, the parties' agreements respecting Plaintiff's employment and funds he provided or loaned to Clarigent and/or Wright, and Plaintiff's mitigation efforts.</u>

3

10. **Discovery of Electronically Stored Information**.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

   **X**  Yes

   ☐  No

   i. The parties have electronically stored information in the following formats:

   It is anticipated that the parties may have emails, text messages, workbooks, documents created or stored as Word or PDF documents.

   ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

   N/A

11. **Claims of Privilege or Protection**.  The parties have discussed issues regarding the protection of information by a privilege or the work- product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

   ☐  Yes

   **X**  No – The parties will submit for the Court's consideration a Stipulated Protective Order respecting these topics.

   i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

   None at this time.

   ii. Have the parties agreed on a procedure to assert such claims AFTER production?

   **X**  No; however the parties' will submit for the Court's consideration a proposed Stipulated Protective Order specifying an agreed on procedure.

   ☐  Yes

4

☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order: N/A

**D. LIMITATIONS ON DISCOVERY**

1. Change in the limitations on discovery

    ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

    ☐ Increase the number of depositions (currently 10) permitted to _____.

    ☐ Increase the number of interrogatories (currently 25) permitted to _____.

    **X** None.

**E. PROTECTIVE ORDER**

**X** A protective order will be submitted to the Court on or before October 21, 2024.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F. SETTLEMENT**

A settlement demand **X** has or ☐ has not been made.

A response to the demand ☐ has or **X** has not been made.

A response can be made by 14 days after receipt of demand.

5

**G.    MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by <u>November 21, 2024</u>.

2. Motions related to the pleadings by <u>N/A</u>.

3. Dispositive motions by <u>July 18, 2025</u>.

**H.    OTHER MATTERS**

<u>None at this time.</u>

Respectfully submitted,

<u>/s/ Chris P. Wido</u>
Chris Wido, Esq. (#0090441)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, Ohio  44131
Telephone: (216) 291-4744
Facsimile: (216) 291-5744
Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff*
*William Nostheide*

<u>/s/ Theresa L. Nelson</u>
Theresa L. Nelson (#0072521)
**BRICKER GRAYDON LLP**
312 Walnut Street
Suite 1800
Cincinnati, Ohio 45202
Telephone: (513) 629-2720
TNelson@brickergraydon.com

*Attorney for Defendant William Haynes*

<u>/s/ Todd M. Seaman</u>
Todd M. Seaman, Esq. (#0090839)
**THOMPSON HINE LLP**
41 South High Street, Suite 1700
Columbus, Ohio 43215
Telephone: (614) 469-3257
Facsimile: (614) 469-3361
Todd.Seaman@ThompsonHine.com

Jessica MacKeigan, Esq. (#008712)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 566-5639
Facsimile: (216) 566-5800
Jessica.MacKeigan@ThompsonHine.com

*Attorneys for Defendants*
*Clarigent Corporation and Donald Wright, Jr.*

6