OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH STREET, ROOM 103
CINCINNATI, OHIO 45202

OFFICIAL BUSINESS

CINCINNATI OH 450
25 FEB 2025 PM 4 L

ZIP 45202
02 4W
$000.69
0000343849 FEB 25 2025

US POSTAGE — Pitney Bowes

RECEIVED

MAR 10 2025

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

Clarigent Corporation
5412 Courseview Drive, Suite 210
Mason, OH 45040

NIXIE     430  DE 1         0003/05/25
           RETURN TO SENDER
     NOT DELIVERABLE AS ADDRESSED
           UNABLE TO FORWARD

BC: 45202397699      *1715-10028-25-42

45040-23656
45202>3976

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| WILLIAM NOSTHEIDE, | : | Case No. 1:24-cv-344 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| CLARIGENT CORPORATION, et al., | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Attorneys Todd Seaman and Jessica MacKeigan's Motions to Withdraw as Counsel for Defendant Clarigent Corporation and Defendant Donald Wright, Jr. (Docs. 19, 20). For good cause, the Court **GRANTS** both motions. Attorneys Todd Seaman and Jessica MacKeigan are hereby **TERMINATED** as counsel of record for Defendant Clarigent Corporation and Defendant Donald Wright, Jr., but they **SHALL PROVIDE** a copy of this Order to said Defendants.

The Court **ORDERS** that Defendant Donald Wright, Jr. shall have 30 days to either (i) secure new counsel, who files a notice of appearance; or (ii) file a notice of intent to proceed pro se (through self-representation). Further, the Court **ORDERS** that Defendant Clarigent Corporation shall have 30 days to obtain counsel. A corporate entity may not represent itself in federal court. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). Defendant Clarigent's failure to retain counsel may therefore result in adverse consequences, including default judgment. *See, e.g., Honorable Ord. of Kentucky Colonels,*

*Inc. v. Kentucky Colonels Int'l*, No. 24-5511, 2024 WL 3912833, at *1 (6th Cir. Aug. 2, 2024); *Youngsoft, Inc. v. Skylife Co., Inc.*, No. 20-12800, 2021 WL 5411958, at *2 (E.D. Mich. Oct. 12, 2021) ("Courts have ruled that a corporation's failure to retain new counsel after the withdrawal of its initial counsel is a valid basis for a court to enter a default and a default judgment against the corporation, notwithstanding that it (through counsel) had previously filed an answer to the complaint.").

Accordingly, the Court hereby **STAYS** this matter for 30 days to allow Defendants the opportunity to obtain new counsel.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND